FISHER, APPELLANT, *v.* HASENJAGER, APPELLEE.

[Cite as *Fisher v. Hasenjager,* 116 Ohio St.3d 53, 2007-Ohio-5589.]

(Nos. 2006–1815 and 2006–1853—Submitted June 6, 2007—Decided October 25, 2007.)

54

MOYER, C.J.

{¶ 1} The Third District Court of Appeals has certified this case pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. The Third District found its judgment to be in conflict with the judgments of the Twelfth District Court of Appeals in *Schoettle v. Bering* (Apr. 22, 1996), Brown App. No. CA95–07–011, 1996 WL 189027, and *Fisher v. Campbell* (June 23, 1997), Butler App. No. CA96–11–248, 1997 WL 349013, on the following issue: "Is a change in the designation of residential parent and legal custodian of children a 'term' of a court approved shared parenting decree, allowing the designation to be modified solely on a finding that the modification is in the best interest of the children pursuant to R.C. 3109.04(E)(2)(b) and without a determination that a 'change in circumstances' has occurred pursuant to R.C. 3109.04(E)(1)(a)?" The answer to this question is "no."

{¶ 2} The facts in this case are not in dispute. Appellant and appellee share custody of their daughter. In 2003, the parties entered into a shared-parenting arrangement, in which parental rights and responsibilities were shared equally, and a detailed visitation schedule was established. The trial court accepted the parties' arrangement and issued an order approving the agreement. However, in 2005, appellant and appellee both moved to become the sole residential parent and legal custodian of the child.

{¶ 3} In response to the parties' motions, the trial court held a hearing at which both parties testified as to problems with one another and with the parenting arrangement. The trial court found that the parties had requested, and that it was in the child's best interest, to terminate the shared-parenting plan. The trial court also stated, "The court in allocating parental rights and responsibilities has also considered the criteria under Section 3109.[04](F)(1)(a) through (j) and other relevant factors in reaching its decision. [Appellee] is hereby designated the residential parent and legal custodian of the parties [sic] minor child."

{¶ 4} Appellant appealed the trial court's decision. Appellant argued that because the trial court did not properly find that a substantive change in circumstances had occurred, the trial court could not modify appellant's status as a residential parent and legal custodian. The court of appeals noted that the trial court failed to cite the statutory section on which it relied in deciding the parties' motions. The court of appeals then analyzed the different statutory provisions permitting termination and modification of a shared-parenting agreement.

{¶ 5} The court of appeals examined four statutory sections: R.C. 3109.04(E)(1)(a), which requires a court to find a change in the circumstances of the child, residential parent, or either parent subject to the shared-parenting

decree before modifying a decree allocating parental rights and responsibilities; R.C. 3109.04(E)(2)(a), which permits parents to jointly modify the terms of a shared-parenting plan by filing the modifications with the court, if the court finds that the modifications are in the best interest of the child; R.C. 3109.04(E)(2)(b), which permits a court to modify the terms of a shared-parenting plan upon its own motion if the court finds that the modifications are in the best interest of the child; and R.C. 3109.04(E)(2)(c), which permits the termination of a shared-parenting plan if the court finds that shared parenting is not in the best interest of the child.

{¶ 6} Despite the trial court's language "terminating" the parties' shared-parenting plan, the court of appeals reviewed the parties' motions and the trial court's entry and determined that the trial court had not terminated the parties' shared-parenting plan but instead had modified the plan. As a result, the court of appeals determined that R.C. 3109.04(E)(2)(c) did not apply. Further, because the parties did not jointly move to modify their shared-parenting decree, R.C. 3109.04(E)(2)(a) also was not applicable.

{¶ 7} In order to determine whether R.C. 3109.04(E)(1)(a) or 3109.04(E)(2)(b) controlled, the court of appeals analyzed other appellate decisions interpreting the two statutes. The court of appeals noted that some courts apply R.C. 3109.04(E)(1)(a), instead of 3109.04(E)(2)(b), "when the modification of the shared parenting agreement is 'substantial' or 'substantially' changes the allocation of parental rights and responsibilities." *Fisher v. Hasenjager*, 168 Ohio App.3d 321, 2006-Ohio-4190, 859 N.E.2d 1022, at ¶ 29. Other courts have applied R.C. 3109.04(E)(1)(a), instead of 3109.04(E)(2)(b), only "when the modification to the plan affects 'an allocation of parental rights and responsibilities.'" Id. at ¶ 30. The court of appeals also examined two cases that allowed modifications to a shared-parenting plan under R.C. 3109.04(E)(2) on the trial court's own motion.

{¶ 8} After noting other courts' treatments of the distinctions between R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b), the court of appeals reached a different decision: "While we recognize that some of our sister appellate districts require trial courts to apply R.C. 3109.04(E)(1)(a) when the proposed modifications to the shared parenting plan change the allocation of parental rights and responsibilities, are substantial modifications, or substantially change the parental rights and responsibilities, we specifically find that trial courts are able to modify the terms of the shared parenting plan under R.C. 3109.04(E)(2)(a), either on its own motion or on the request of one or both of the parents subject to a shared parenting plan as long as the modifications are in the best interest of the child." *Fisher* at ¶ 35.

{¶ 9} The court of appeals then examined the definition of "terms" in R.C. 3109.04(E)(2)(b) to determine whether a change in the residential parent and legal custodian of a child qualified as a "term" of a shared-parenting plan.

"While some districts have concluded that some modifications, such as a change in the amount of child support, or who provides transportation, are modifications to the 'terms' of a shared parenting plan, we find that the General Assembly's use of the word 'terms' in R.C. 3109.04(E)(2)(b) shows its intent to allow trial courts to modify all provisions incorporated in a shared parenting plan." (Citations omitted.) *Fisher* at ¶ 36. The court concluded that the trial court was permitted to modify the shared-parenting plan with respect to the residential parent and legal custodian of the child under R.C. 3109.04(E)(2)(b) and that the trial court did not abuse its discretion in naming appellee as the resident parent and legal custodian of the parties' child.

{¶ 10} We accepted jurisdiction over this discretionary appeal and also determined that a conflict exists as to the proper application of R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b) with respect to the modification of the designation of residential parent and legal custodian of a child.

{¶ 11} Once a shared-parenting decree has issued, R.C. 3109.04(E) governs modification of the decree:

{¶ 12} "(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

{¶ 13} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

{¶ 14} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

{¶ 15} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 16} " * * *

{¶ 17} "(2) In addition to a modification authorized under division (E)(1) of this section:

{¶ 18} " * * *

{¶ 19} "(b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."

{¶ 20} "In construing a statute, a court's paramount concern is the legislative intent. In determining legislative intent, the court first reviews the applicable statutory language and the purpose to be accomplished. In addition, statutes pertaining to the same general subject matter must be construed *in pari materia*." (Citations omitted.) *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079.

{¶ 21} There is no dispute as to whether a court may modify parental rights and responsibilities pursuant to R.C. 3109.04(E)(1)(a).[1] The statute allows a court to modify a prior decree allocating parental rights and responsibilities only if (1) "a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree" and (2) the modification is in the best interest of the child. The statute also requires the court to "retain the residential parent designated by the prior decree" unless (1) the "modification is in the best interest of the child" and (2) one of three additional factors applies. Only R.C. 3109.04(E)(1)(a) expressly authorizes a court to modify a prior decree allocating parental rights and responsibilities.

{¶ 22} "Parental rights and responsibilities" is not defined in the statute. However, a majority of this court commented that the General Assembly changed the terms "custody and control" to "parental rights and responsibilities" when it amended R.C. 3109.04 in 1991. *Braatz v. Braatz* (1999), 85 Ohio St.3d 40, 43, 706 N.E.2d 1218. " ' "Custody" resides in the party or parties who have the right to ultimate legal and physical control of a child.' " Id. at 44, 706 N.E.2d 1218, quoting *In re Gibson* (1991), 61 Ohio St.3d 168, 171, 573 N.E.2d 1074. Therefore, parental rights and responsibilities reside in the party or parties who have the right to the ultimate legal and physical control of a child.

{¶ 23} R.C. 3109.04 also does not expressly define "residential parent" and "legal custodian." However, subsection (A)(1) states that if one parent is allocated the primary parental rights and responsibilities for the care of a child, that parent is designated the residential parent and legal custodian of the child.

---

1. R.C. 3109.04 was amended effective June 30, 2007, but the General Assembly made no substantive changes relevant to this opinion.

Therefore, the residential parent and legal custodian is the person with the primary allocation of parental rights and responsibilities. When a court designates a residential parent and legal custodian, the court is allocating parental rights and responsibilities.

{¶ 24} A court also allocates parental rights and responsibilities when it issues a shared-parenting order. R.C. 3109.04(A)(2). A court may allocate parental rights and responsibilities for the care of a child to both parents and issue a shared-parenting order requiring the parents to share all or some of the aspects of the physical and legal care of the child in accordance with the approved plan for shared parenting. Id.

{¶ 25} If a shared-parenting order is issued and the order is silent regarding the residential parent and legal custodian status, and the context does not clearly require otherwise, then each parent is a residential parent and legal custodian of the child: "Unless the context clearly requires otherwise and except as otherwise provided in the order, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, each parent, regardless of where the child is physically located or with whom the child is residing at a particular point in time, as specified in the order, is the 'residential parent,' the 'residential parent and legal custodian,' or the 'custodial parent' of the child." R.C. 3109.04(K)(6).

{¶ 26} In summary, R.C. 3109.04(E)(1)(a) expressly provides for the modification of parental rights and responsibilities in a decree. An allocation of parental rights and responsibilities is a designation of the residential parent and legal custodian. Therefore, R.C. 3109.04(E)(1)(a) controls when a court modifies an order designating the residential parent and legal custodian.

{¶ 27} While the designation of residential parent and legal custodian can be modified under R.C. 3109.04(E)(1)(a), that designation cannot be modified under R.C. 3109.04(E)(2)(b), which allows only for the modification of the terms of a shared-parenting plan.

{¶ 28} R.C. 3109.04(G) states that either parent or both parents of a child may request that the court grant both parents shared-parenting rights and responsibilities for the care of a child. When the pleading or motion is filed, a parent or parents must also file a plan for the "exercise of shared parenting by both parents." Id. "A plan for shared parenting shall include provisions covering all factors that are relevant to the care of the children, including, but not limited to, provisions covering factors such as physical living arrangements, child support obligations, provision for the children's medical and dental care, school placement, and the parent with which the children will be physically located during legal holidays, school holidays, and other days of special importance." Id. If a court approves a shared-parenting plan, the approved plan shall be incorporated into

the final shared-parenting decree granting the parents the shared parenting of the children. R.C. 3109.04(D)(1)(d).

{¶ 29} R.C. 3109.04(E)(1)(a) permits the modification of a prior decree allocating parental rights and responsibilities; R.C. 3109.04(E)(2)(b) permits a court to modify the terms of the plan for shared parenting, which must be approved by a court and incorporated by the court into the shared-parenting decree. Within the custody statute, a "plan" is statutorily different from a "decree" or an "order." A shared-parenting order is issued by a court when it allocates the parental rights and responsibilities for a child. R.C. 3109.04(A)(2). Similarly, a shared-parenting decree grants the parents shared parenting of a child. R.C. 3109.04(D)(1)(d). An order or decree is used by a court to grant parental rights and responsibilities to a parent or parents and to designate the parent or parents as residential parent and legal custodian.

{¶ 30} However, a plan includes provisions relevant to the care of a child, such as the child's living arrangements, medical care, and school placement. R.C. 3109.04(G). A plan details the implementation of the court's shared-parenting order. For example, a shared-parenting plan must list the holidays on which each parent is responsible for the child and include the amount a parent owes for child support.

{¶ 31} A plan is not used by a court to designate the residential parent or legal custodian; that designation is made by the court in an order or decree. Therefore, the designation of residential parent or legal custodian cannot be a term of shared-parenting plan, and thus cannot be modified pursuant to R.C. 3109.04(E)(2)(b).

{¶ 32} Finally, we note that R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b) contain significantly different standards for modifications. "It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *State v. Moaning* (1996), 76 Ohio St.3d 126, 128, 666 N.E.2d 1115, quoting *Wooster Republican Printing Co. v. Wooster* (1978), 56 Ohio St.2d 126, 132, 10 O.O.3d 312, 383 N.E.2d 124. To read both sections, with different standards, to apply to a court's analysis modifying the decree modifying a child's residential parent and legal custodian would create inconsistency in the statute. Two different standards cannot be applied to the same situation.

{¶ 33} Modification of a prior decree, pursuant to R.C. 3109.04(E)(1)(a), may only be made "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to shared parenting decree, and that the modification is necessary to serve the best interest of the child." This is a high standard, as a

"change" must have occurred in the life of the child or the parent before the court will consider whether the current designation of residential parent and legal custodian should be altered. Conversely, R.C. 3109.04(E)(2)(b) requires only that the modification of the shared-parenting plan be in the best interest of the child.

{¶ 34} The requirement that a parent seeking modification of a prior decree allocating parental rights and responsibilities show a change of circumstances is purposeful: " 'The clear intent of [R.C. 3109.04(E)(1)(a) ] is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the child a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.' " *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, quoting *Wyss v. Wyss* (1982), 3 Ohio App.3d 412, 416, 3 OBR 479, 445 N.E.2d 1153.

{¶ 35} Further, "[t]he General Assembly is the policy-making body in our state and has restricted the exercise of judicial authority with respect to modification of a prior decree allocating parental rights and responsibilities. This legislation comports with our rationale regarding stability in the lives of children as a desirable component of their emotional and physical development." *In re Brayden James*, 113 Ohio St.3d 420, 2007–Ohio–2335, 866 N.E.2d 467, at ¶ 28. We note that another statute that addresses orders granting legal custody of a child sets forth the same standard for a modification. R.C. 2151.42(B) also requires a court to find that a "change has occurred in the circumstances of the child or the person who was granted legal custody" and that modification is in the best interest of the child before modifying an order granting legal custody. See *In re Brayden James* at ¶ 26.

{¶ 36} The standard in R.C. 3109.04(E)(2)(b) for modification of a shared-parenting plan is lower because the factors contained in a shared-parenting plan are not as critical to the life of a child as the designation of the child's residential parent and legal custodian. The individual or individuals designated the residential parent and legal custodian of a child will have far greater influence over the child's life than decisions as to which school the child will attend or the physical location of the child during holidays. Further, factors such as the physical location of a child during a particular weekend or holiday or provisions of a child's medical care are more likely to require change over time than the status of the child's residential parent and legal custodian.

{¶ 37} In conclusion, we hold that a modification of the designation of residential parent and legal custodian of a child requires a determination that a "change

in circumstances" has occurred, as well as a finding that the modification is in the best interest of the child, pursuant to R.C. 3109.04(E)(1)(a).

Judgment reversed<br>and cause remanded.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and BLACKMON, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

PATRICIA ANN BLACKMON, J., of the Eighth Appellate District, sitting for CUPP, J.

---

**PFEIFER, J., dissenting.**

{¶ 38} I dissent because this case involves a termination of a shared-parenting decree pursuant to R.C. 3109.04(E)(2)(c). That statute allows a court to terminate a final shared-parenting decree merely upon the request of one or both of the parents or whenever the court "determines that shared parenting is not in the best interest of the children." The majority relies on the appellate court's characterization of the action below as a *modification* of the shared-parenting decree, but a review of the trial record indicates that both parents sought to terminate shared parenting and that the trial court gave them what they requested.

{¶ 39} The trial court writes in its judgment entry that it is terminating the shared-parenting arrangement: "The court finds it is in the best interest of the minor child Demetra and at the request of the parties, does hereby terminate the shared parenting plan previously entered into by the parties and ordered by this court."

{¶ 40} The trial court could not have been clearer. The appellate court makes much of the fact that under the new order, the only major change from the shared-parenting agreement was that instead of equally allocating parental rights and responsibilities, the trial court provided that Hasenjager was the residential parent and legal custodian of Demetra. This was, in fact, a major change that completely shifted the legal status of each parent. Each parent separately moved the court to be named Demetra's residential parent and legal custodian, thus asking the court to grant them a status that was inconsistent with shared parenting.

{¶ 41} At the hearing, both parties made it known that they sought a termination of shared parenting. Hasenjager testified as follows:

{¶ 42} "Q. [You've] asked the court to terminate the shared-parenting plan. Why did you ask the court to do that?

{¶ 43} "A. Because I feel uncomfortable in lieu of this past situation."

{¶ 44} Later, Hasenjager testified:

{¶ 45} "Q. If the court would see fit to terminate the shared-parenting plan and if the court would designate you as the custodial parent of Demetra, what do you feel would be a proper parenting plan in terms of how often should she see her dad?

{¶ 46} "A. I think she should still see her father on a regular basis. It's good for them to continue a relationship with one another. The scheduling that we have now, I think, works fine for the time being. I have her while he's working, and he has her while I'm working; and then we trade off on the weekends so—."

{¶ 47} Likewise, in his testimony, Fisher testified that although shared parenting is theoretically beneficial, he thought that it could not work in his situation:

{¶ 48} "Q. Do you feel that it's in the child's best interest that this shared-parenting plan continue or cease?

{¶ 49} "A. I think that the shared-parenting plan is a good idea for a child. I think that in our particular situation, it would be beneficial to Demetra to have one party stand firm and the other party be a visitation party.

{¶ 50} Q. And what do you think is in the child's best interest as far as that stand-firm party and the visiting party?

{¶ 51} "A. I think I've shown over the past two years, two and a half years, that I'm very stable and reliable. And I think that if I was custodial parent, I would be fair and keep this thing on track."

{¶ 52} Fisher testified later:

{¶ 53} "Q. In a nutshell, it's your desire to have a sole custody arrangement with visitation with Emma [Hasenjager]?

{¶ 54} "A. Yeah, it is—I would like to have full custody."

{¶ 55} It is clear from their court filings and their testimony that both parties sought to be designated the sole residential parent and legal custodian of Demetra while granting the other parent generous visitation rights. While both parents would remain involved in the child's life in such an arrangement, that is not "shared parenting." The designation of one parent as the residential parent and legal custodian occurs only in cases where shared parenting is rejected. R.C. 3109.04(A)(1).

{¶ 56} Because both parents requested a termination of shared parenting, the trial court proceeded according to statute. Pursuant to R.C. 3109.04(E)(2)(c), "[t]he court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section *upon the request of one or both of the parents* or whenever it determines that shared parenting is not in the best interest of the children." (Emphasis added.) Here,

the shared-parenting plan between Fisher and Hasenjager was filed jointly by them and approved by the court pursuant to R.C. 3109.04(D)(1)(a)(i). The trial court wrote that it terminated the agreement "at the request" of the parties; such a request is sufficient for termination under R.C. 3109.04(E)(2)(c). The court further found that the shared-parenting plan was not in the best interest of the child.

{¶ 57} When a court terminates a shared-parenting decree under R.C. 3109.04(E)(2)(c), R.C. 3109.04(E)(2)(d) requires the court to "proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of children under the standards applicable under divisions (A), (B) and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting had ever been made."

{¶ 58} The trial court terminated the shared-parenting decree and moved forward pursuant to R.C. 3109.04(E)(2)(d). The court proceeded as if no shared-parenting request had been made and endeavored to allocate parental responsibilities pursuant to R.C. 3109.04(A)(1). Under R.C. 3109.04(A)(1), "[i]f neither parent files a pleading or motion in accordance with division (G) of this section [i.e., 'requesting the court to grant both parents shared parental rights and responsibilities for the care of the children'] * * * the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, *designate that parent as the residential parent and the legal custodian of the child,* and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children." (Emphasis added.)

{¶ 59} The trial court wrote that "in allocating parental rights and responsibilities," it considered the "best interest of a child" criteria set forth in R.C. 3109.04(F)(1). Applying those factors, it designated Hasenjager as the residential parent and the legal custodian of Demetra. Such a determination is made only in instances where shared parenting is not an option. Pursuant to R.C. 3109.04(A)(1), the court then divided the other rights and responsibilities as to visitation and support, using the earlier shared-parenting plan as a template. But the new decree was not a shared-parenting decree.

{¶ 60} Although the trial court, for the most part, did not cite the statutes it relied upon, it clearly terminated the shared-parenting agreement and proceeded to allocate parental rights and responsibilities as required by R.C. 3109.04. The majority thus answers a question that is not relevant to this case. Accordingly, I

dissent and would reverse the court of appeals and reinstate the judgment of the trial court.

LANZINGER, J., concurs in the foregoing opinion.

---

Dougherty, Hanneman & Snedaker, L.L.C., and Douglas B. Dougherty, for appellant.

Meikle, Tesno & Luth, and Thomas Luth, for appellee.