OPINION *Page 2 
{¶ 1} Defendant-Appellant Rachel E. Daniels ("Rachel") appeals from the September 4, 2008 Judgment Entry/Decree of Divorce of the Court of Common Pleas, Paulding County, Ohio.
 {¶ 2} Rachel and Wallace C. Daniels, III ("Wallace") were married on October 2, 2004 and had one child together, Jayden Quinn Daniels (D.O.B. 6/10/04) ("Jayden").[1] On August 17, 2007 Wallace filed a complaint for divorce and a motion for ex parte temporary orders requesting, in relevant part, that the court grant him temporary care, custody, and control of the parties' minor daughter Jayden. On August 17, 2007 the trial court issued a Judgment Entry awarding Wallace temporary custody and control of Jayden "until such time as the parental rights and responsibilities are allocated by this Court."
 {¶ 3} On September 20, 2007 Rachel filed a motion requesting an order naming her the residential parent and legal custodian of Jayden. On September 28, 2007 the trial court conducted a hearing on the temporary orders filed on August 17, 2007 and in a October 31, 2007 Judgment Entry, the trial court ordered, in relevant part, as follows: *Page 3 
 During the pendency of this matter, the parties shall share equally in the parenting of the minor children. . . The parties shall alternate weeks with the children, and shall exchange the children on Sundays at 2:00 p.m. by meeting approximately half way between Paulding and Ashtabula (McDonalds at Exit 118 Sandusky/Norwalk).
 {¶ 4} On December 26, 2007 Wallace filed a motion requesting an order modifying the court's temporary orders to designate him as the temporary residential parent of Jayden until further order of the court. In support of his motion, Wallace alleged that the week-to-week transfer of Jayden was not in Jayden's best interest as Rachel had moved to her mother's house in Pennsylvania which added additional time that Jayden was required to be on the road each week. Additionally, Wallace alleged that Rachel had quit her job, withdrawn Jayden from pre-school, and that the living conditions in Rachel's mother's home were inadequate causing Jayden to be directly exposed to mold and mildew.
 {¶ 5} On January 31, 2008 the trial court conducted a hearing on Wallace's motion for reallocation of temporary custody. At the close of the hearing, the trial court advised the parties that this matter would be scheduled for a final hearing. (See also February 1, 2008 Assignment Notice; February 1, 2008 Journal Entry). On February 27, 2008 the court conducted a final hearing, and this matter was continued for a further final hearing on May 1, 2008.
 {¶ 6} On August 4, 2008 the trial court issued a Decision which found, in relevant part, as follows: *Page 4 
 The parties were married on October 2, 2004 and one (1) child, Jayden Quinn Daniels. . . has been born as issue of said marriage.
 The Defendant left the marital residence on August 8, 2007 and concealed her whereabouts and that of her two (2) children from the Plaintiff for over five (5) weeks until the Plaintiff located Defendant in Ashtabula, Ohio.
 Shortly after Plaintiff located Defendant in Ashtabula, the Defendant relocated to Pennsylvania without telling the Plaintiff.
 * * *
 The parties are incompatible and the Plaintiff should be granted a divorce. Considering the factors contained in Section 3109.04(F)(1) of the Ohio Revised Code for determining the best interest of the child for the allocation of parental rights and responsibilities, the Court finds that:
 1. The Plaintiff is more likely to honor and facilitate Court-approved parenting time rights or visitation and companionship rights;
 2. The Plaintiff has failed to make all child support payments.
 3. The Defendant has established a residence outside of this state;
 4. Prior to the Defendant absconding with the child, the child had established a close relationship with the parental grandparents;
 5. Prior to the Defendant absconding with the child, the child had adjusted well to her home in Paulding and the community. * * *
 The Court further finds that the several relationships that the Defendant has entered into with men during her marriage to the Plaintiff has demonstrated a lack of stability in her lifestyle that is unsuitable for the raising of the child.
 The Court further finds that it is in Jayden's best interest that the Plaintiff be designated as her residential parent and legal custodian subject to the Defendant's right to exercise visitation.
 {¶ 7} On September 4, 2008 the trial court issued a Judgment Entry/Decree of Divorce wherein the trial court granted the parties a divorce and *Page 5 
ordered that Wallace shall be the residential parent of the parties' minor daughter Jayden, subject to Rachel's exercise of parenting time.
 {¶ 8} Rachel now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE DETRIMENT OF THE CHILD BY MODIFYING THE PARENTING PLAN IN PLACE FOR 11 MONTHS PRIOR TO FINALIZATION OF THE DIVORCE BECAUSE NO SUBSTANTIAL CHANGE IN CIRCUMSTANCES AND THE CHILD RECEIVED NO SUBSTANTIAL BENEFIT FROM A MODIFICATION OF THE ALTERNATE WEEK PARENTING ARRANGEMENT PRIOR TO THE COURT'S SEPTEMBER 4, JUDGMENT ENTRY DECREE OF DIVORCE. (CITATIONS OMITTED).
 {¶ 9} In her sole assignment of error, Rachel argues that the trial court erred by modifying the parenting plan and designating Wallace as the residential parent of the parties' minor child. Specifically, Rachel alleges that the September 4, 2008 Judgment Entry/Decree of Divorce was a modification of the trial court's October 31, 2007 Judgment Entry and therefore, the trial court erred when it did not apply the factors set forth in Ohio Revised Code section 3109.04(E)(1)(a) when designating Wallace as the residential parent of the parties' minor child.
 {¶ 10} In support of her argument on appeal, Rachel directs this court's attention to the recent Ohio Supreme Court case of Fisher v.Hasenjager (2007), 116 Ohio St.3d 53, 876 N.E.2d 546. InFisher, the Ohio Supreme Court addressed R.C. 3109.04(E)(1)(a) and determined that modification of the designation of residential parent and legal custodian of a child requires a determination that a *Page 6 
"change in circumstances" has occurred, as well as a finding that the modification is in the best interest of the child. Id. at syllabus.
 {¶ 11} Our review of the record reveals that on August 17, 2007 Wallace filed a complaint for divorce and a motion for ex parte temporary orders which specifically requested that "the Plaintiff [Wallace] be awarded the temporary care, custody, and control of the parties' minor children until such time as the parental rights and responsibilities are allocated by this Court. . ." On August 17, 2007 the trial court issued a Judgment Entry awarding Wallace temporary custody of Jayden "until such time as the parental rights and responsibilities are allocated by this Court."[2] After Rachel filed her September 20, 2007 motion requesting to be named the residential parent and legal custodian of Jayden, the trial court issued its October 31, 2007 Judgment Entry which granted the parties equal parenting time in the form of alternating weeks with Jayden "during the pendency of this matter."
 {¶ 12} However, based upon our review of the record, we find thatFisher is not applicable to the facts of the present case as the September 4, 2008 Judgment Entry was the initial determination of the designation of a residential parent and the allocation of the parental rights and responsibilities for the care of the minor *Page 7 
child pursuant to R.C. 3109.04(A). Contrary to Rachel's assertions, there was no prior "shared parenting decree" issued by the trial court. Instead, the trial court's October 31, 2007 Judgment Entry was simply an interlocutory and temporary order issued "during the pendency of the action for divorce" pursuant to Civ. R. 75.
 {¶ 13} Furthermore, we find that because the trial court's September 4, 2008 Judgment Entry/Decree of Divorce was the initial determination of the parties' parental rights and responsibilities, the trial court was not required to find a "substantial change in circumstances" and accordingly, the trial court was simply required to make an allocation that is in the best interests of the child, based upon the factors set forth in R.C. 3109.04(F)(1).
 {¶ 14} In Schoffner v. Schoffner (1984), 19 Ohio App.3d 208,483 N.E.2d 1190, this court previously held that "an interlocutory order respecting custody of children made pursuant to Civ. R. 75(M) is by its very nature temporary and is subject to modification upon the entering of the final divorce decree." See also Doerger v. Doerger (Feb. 20, 1990), 12th Dist. No. CA 89-05-007, unreported;Kinnel v. Kinnel (March 23, 1990), 6th Dist. No. H-89-1, unreported. Additionally, our review of the record reveals that the trial court's Decision and Judgment Entry/Decree of Divorce clearly reflects the court's consideration of all the applicable factors contained in R.C. 3109.04(F)(1) in designating Wallace as the residential parent of Jayden. *Page 8 
 {¶ 15} Finally, even if we were to consider the merits of the trial court's Decision and Judgment Entry/Decree of Divorce, we note that a trial court is given broad discretion in custody determination matters.Zimmerman v. Zimmerman (Dec. 8. 1997), 3rd Dist. No. CA97 06 0038, unreported, citing Trickey v. Trickey (1952), 158 Ohio St. 9,106 N.E.2d 772. In reviewing a trial court's custody determination, an appellate court must uphold the decision absent an abuse of discretion.Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 210, 653 N.E.2d 712. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id. Moreover, we note that it is the trial court that must determine factual disputes and weigh the testimony and credibility of witnesses, and this court will not entertain those tasks upon appellate review. Zimmerman, supra, citing Gardini v. Moyer (1991),61 Ohio St.3d 479, 575 N.E.2d 423.
 {¶ 16} Our review of the record reveals that the trial court clearly considered all of the relevant factors set forth in R.C. 3109.04(F)(1) in determining the best interest of the child and designating Wallace as Jayden's residential parent, and the record reveals substantial evidence to support the trial court's decision. Additionally, we note that Rachel has not demonstrated that the *Page 9 
trial court's determination that Wallace shall be Jayden's residential parent was unreasonable, arbitrary, unconscionable, or not in accordance with law.
 {¶ 17} Based on the foregoing, Rachel's sole assignment of error is overruled and the September 4, 2008 Judgment Entry/Decree of Divorce of the Paulding County Court of Common Pleas is affirmed.
Judgment Affirmed
 PRESTON, P.J., concurs.
[1] We note that the initial complaint and several other pleadings in this case reference another child born during the parties' marriage (Troy Jakob Matthew Daniels (D.O.B. 8/31/06)). However, subsequent DNA testing ordered during the course of these proceedings revealed that Wallace was not Troy's biological father. (See December 20, 2007 Judgment Entry). Accordingly, the parental care, custody, and control of Troy is not relevant to the facts of the present appeal.
[2] Pursuant to Civ. R. 75(A), the Rules of Civil Procedure shall apply in actions for divorce, annulment, legal separation, and related proceedings. We note that Civ. R. 75(N)(1) provides that "[w]hen requested in the complaint. . . or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of the court, the court or magistrate, without oral hearing and for good cause shown. . . may make a temporary order regarding the support, maintenance, and allocation of parental rights and responsibilities for the care of children of the marriage, whether natural or adopted,during the pendency of the action for divorce. . ." (Emphasis added).