**[Cite as *Genhart v. David*, 2012-Ohio-433.]**

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SHANNON GENHART | ) | CASE NO. 10 MA 144 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| JOHN C. DAVID | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:     Appellee's Application for
Reconsideration
Case No. 05 JI 721

JUDGMENT:     Denied.

APPEARANCES:

For Plaintiff-Appellant:     Atty. Charles E. Dunlap
3855 Starr's Centre Drive, Suite A
Canfield, Ohio  44406

For Defendant-Appellee:     Atty. Susan Gaetano Maruca
Atty. Christopher A. Maruca
The Maruca Law Firm, LLC
201 East Commerce Street
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  February 1, 2012

PER CURIAM.

**{¶1}** The matter before us is Appellee's timely motion for reconsideration filed January 3, 2012. Appellant filed her opposition to the motion on January 10, 2012. Appellee disagrees with our determination in *Genhart v. David*, 7th Dist. No. 10 MA 144, 2011-Ohio-6732 that, absent a custody decree or order altering Appellant's statutory custody right as an unmarried mother, Appellant retains her status as the custodial and residential parent. Appellee argues that the juvenile court's March 20, 2006 journal entry, which adopted the magistrate's decision accepting the parties' parenting agreement but did not specify a custodial or residential parent, terminated Appellant's statutory right to sole custody and gave Appellee equal custody rights. Although Appellee did not raise this specific argument in his brief, we gave the matter full consideration when determining whether the record below reflected an error meriting relief under Civ.R. 60(B). Because our Opinion on the merits does not contain any obvious error and we fully considered each of the arguments in Appellee's brief as well as the issue he now raises, we deny this application for reconsideration.

**{¶2}** The standard for reviewing an application for reconsideration pursuant to App.R. 26(A) is whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus. Similarly, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic

used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (1996).

{¶3} In our Opinion, we addressed the trial court's decision to construe Appellee's motion for reconsideration filed to that court as a Civ.R. 60(B) motion for relief from judgment in light of the court's perceived "error" in assuming that Appellant was the residential and custodial parent. We noted that married couples have equal parenting and custody rights in the children from that marriage by default, even when they are separated. R.C. 3109.03, *Genhart*, ¶19. We further noted that unmarried mothers do not automatically share custody of their children. Instead, by statute, they maintain sole residential and custodial parenting of their children "until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian." R.C. 3109.042, *Id.* at ¶18. In determining the proper standard to apply to a motion to modify a shared parenting agreement, we analogized to *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, which explains that modifications of custody decrees require both a change in circumstances and that the modification be in the best interests of the child, while modifications of terms of the parenting agreement require only that the modifications be in the best interests of the child.

{¶4} As explained by the *Fisher* Court, "[a] plan is not used by a court to designate the residential parent or legal custodian; that designation is made by the court in an order or decree. Therefore the designation of residential parent or legal

custodian cannot be a term of a shared-parenting plan, and thus cannot be modified pursuant to R.C. 3109.04(E)(2)(b)." *Id.* at ¶31. As discussed in the underlying Opinion in this matter: where there is a shared parenting decree in a divorce proceeding the parties continue their separate-but-equal parenting rights according to the decree and any agreement implementing the decree. However, where, as here, there is a paternity proceeding between unmarried individuals in which the parties agree to share parenting time and the court, without issuing an order or decree identifying a residential or custodial parent, adopts that agreement in a journal entry that does not identify a residential or custodial parent, the statutory sole custody rights of the unwed mother remain in effect. *Genhart*, ¶18–20. Custody cannot be established by implication or by the title of an agreement between the parties. Custody rights are determined by statute or by court order or decree. In this instance, as we explained in our Opinion, they are established by R.C. 3109.042 in the absence of a specific order or decree designating any party other than Appellant the residential or custodial parent.

{¶5} For these reasons Appellee's application for reconsideration is denied.

Waite, P.J., concurs.

Donofrio, J., concurs.

DeGenaro, J., concurs.