[Cite as *Allen v. Allen*, 2017-Ohio-505.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN ALLEN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0015** |
| DEBRA L. ALLEN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2004 DR 141.

Judgment: Affirmed.

*Roklyn M. DePerro Turner,* 3685 Stutz Drive, #100, Canfield, OH 44406 (For Plaintiff-Appellee).

*Christopher A. Maruca,* The Maruca Law Firm, LLC, 201 E. Commerce St., #316, Youngstown, OH 44503 (For Defendant-Appellant).

*Robert W. Price,* Richard G. Zellers & Associates, 3810 Starrs Centre Drive, Canfield, OH 44406 (Guardian ad Litem).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Deborah Allen[1], appeals the denial of her Motion for the Reallocation of Parental Rights & Responsibilities by the Trumbull County Court of Common Pleas, Division of Domestic Relations. The issue before this court is whether ongoing concerns about a minor child's grades and chronic medical condition

---

1. Although the pleadings and filings in the case identify the defendant-appellant variously as Debra and Deborah, the defendant-appellant has signed her name as Deborah and will be referred to accordingly herein.

necessarily constitute a substantial change in circumstances so as to justify a change in custody of the child. For the following reasons, we affirm the decision of the court below.

{¶2} Deborah and plaintiff-appellee, Kevin Allen, were married in Warren, Ohio, on October 23, 2002. One child was born as issue of the marriage: Nicole D. Allen (dob July 15, 2003).

{¶3} On February 2, 2005, Deborah and Kevin were granted a divorce by the Trumbull County Court of Common Pleas, Division of Domestic Relations.

{¶4} On July 10, 2008, Kevin was designated Nicole's residential parent.

{¶5} On September 8, 2014, Deborah filed a Motion for the Reallocation of Parental Rights & Responsibilities, alleging that "[t]here has been a substantial change of circumstances since the last Court Order [April 15, 2014] due to current actions of Plaintiff/Father."

{¶6} On October 15, 2014, Attorney Robert Price was appointed Guardian ad Litem for Nicole by Agreed Judgment Entry.

{¶7} On September 18, 2015, the Report of the Guardian ad Litem was filed with the domestic relations court.

{¶8} On September 24, 2015, a hearing was held before a magistrate at which Kevin, Deborah, and Price testified. The testimony focused on Nicole's grades and medical issues.

{¶9} According to a first quarter progress report, Nicole was receiving a D in math, an F in science, a C in world history, a B in language arts, and an A in performing arts. Kevin works a shift from 10:30 a.m. to 6:30 p.m. and is not at home when Nicole

returns from school, although his mother is there. Nicole is tutored by members of Kevin's family. Price reported that Nicole's guidance counselor and principal believe that she is an average student who should be able to maintain a C average.

{¶10} Nicole is seen regularly by a pediatrician, a psychiatrist, and a gastroenterologist.

{¶11} Nicole was referred to the gastroenterologist in August 2013 by her pediatrician for periodic constipation. Since that time, she has been prescribed MiraLAX for constipation. Kevin believes the doctor's order was that the MiraLAX should be given as needed and reported "no serious problems" with Nicole since April 2014 (the date of the domestic relations court's last custodial order). Deborah believes the doctor intended MiraLAX to be administered daily and testified that Nicole was seriously impacted for several months between November 2014 and February 2015.

{¶12} Price spoke with Nicole's pediatrician and confirmed Kevin's interpretation of the gastroenterologist's order. Price also testified that the pediatrician described Nicole as healthy and not suffering from any severe medical problems. Price reported that the continuing litigation over her custody causes Nicole great stress which, according to her doctors, could contribute to her constipation.

{¶13} Price recommended that Kevin retain custody of Nicole. Price did not believe that there had been any significant change in circumstances since the previous custody order, noting that Deborah's complaints about Kevin's parenting and Nicole's grades and medical issues have remained the same over several years of litigation.

{¶14} Following the hearing, the magistrate conducted an in camera interview with Nicole.

3

{¶15} On October 30, 2015, a Magistrate's Decision was issued finding that "a change in circumstances has not occurred within the past year which would warrant a change in custody" and, therefore, Deborah's Motion for the Reallocation of Parental Rights & Responsibilities must be denied. The domestic relations court adopted the Decision on the same date.

{¶16} On November 12, 2015, Deborah filed Objections to the Magistrate's Decision.

{¶17} On January 15, 2016, Deborah filed Supplemental Objections.

{¶18} On January 21, 2016, the domestic relations court issued a Judgment Order, overruling the Objections.

{¶19} On February 18, 2016, Deborah filed a Notice of Appeal. On appeal, she raises the following assignment of error:

{¶20} "[1.] The trial court and the magistrate abused their discretion by failing to find that a change in circumstances had occurred despite the overwhelming weight of the evidence which would have then required the court to make a best interest analysis as to who would have custody of the minor child."

{¶21} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child." R.C. 3109.04(E)(1)(a); *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, syllabus; *In*

*re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, paragraph two of the syllabus ("[t]he provisions of R.C. 3109.04(E)(1)(a) promote stability in the development of children").

{¶22} It has been the consistent position of this court that a change in circumstances sufficient to warrant the modification of a custody decree "is intended to denote an event, occurrence, or situation which has a material and adverse effect upon a child." (Citation omitted.) *Cireddu v. Clough*, 11th Dist. Lake No. 2012-L-103, 2013-Ohio-2042, ¶ 29 (cases cited). Moreover, "the change must be a change of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶23} "In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change." *Id.* at paragraph two of the syllabus. "Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion." *Id.* at paragraph one of the syllabus.

{¶24} Deborah argues the domestic relations court erred in not finding a change in circumstances had occurred. She contends that any of the following circumstances were sufficient to justify a modification of custody: "(1) that the Minor Child's grades had plummeted since the previous order, and the Minor Child was receiving multiple C, D, and F letter grades in her classes * * *; (2) that new medical issues had appeared relating to the Minor Child's internal health; and (3) that since the previous order was put into place, Appellee/Father's work hours had changed, resulting in work hours from 10:30 A.M. to 6:30 P.M., and the Minor Child now being released from school three (3)

5

hours before Appellee/Father's work finishes, as opposed to the night hours he worked at the time of the previous order * * *."  Appellant's brief at 8.

{¶25}  On the contrary, none of the circumstances cited by Deborah, either singly or collectively, were such that the domestic relations court was compelled, in the exercise of its discretion, to find a change in circumstances sufficient to justify a modification of custody.

{¶26}  With respect to grades, it is generally held that "a change in a child's academic performance does not demonstrate a change in circumstances under R.C. 3109.04(E)(1)(a), unless the change materially affects the child's overall academic progress," i.e., "temporary and minor grade fluctuations ordinarily do not show a change in circumstances."  *Hobbs v. Hobbs*, 2015-Ohio-1963, 36 N.E.3d 665, ¶ 56 (4th Dist.). "[T]he parent seeking to reallocate parental rights and responsibilities must show that a child's academic performance has actually changed."  *Id.*  "Showing that a child's academic progress has remained stagnant or that the child's grades have always been 'lackluster' is not sufficient."  *Id.*

{¶27}  In the present case, there is no evidence demonstrating that Nicole's present grades represent a change in her overall academic progress or what her grades have been historically.  Rather, the evidence suggests that she has consistently performed as an average or mediocre student.  Moreover, there is no evidence linking Nicole's present academic performance with the change in Kevin's work schedule.  The failure to maintain a C average in all subjects was ascribed to lack of effort on Nicole's part.

**{¶28}** With respect to Nicole's medical issue, the evidence similarly fails to demonstrate substantive change over time. Nicole's diagnoses and prescribed regimen for managing her constipation have not changed since 2013. Kevin's treatment of her condition by administering MiraLAX as needed is consistent with her pediatrician's recommendation. Deborah's estimation of Nicole's health in light of her medical condition was not consistent with other evidence in the record. *Compare In re S.B.*, 11th Dist. Ashtabula No. 2010-A-0019, 2011-Ohio-1162, ¶ 88 (no change of circumstances found where the child's serious medical condition had largely been monitored and controlled, despite exacerbating tensions between the parents); *Lewis v Lewis*, 12th Dist. Butler No. CA2001-09-209, 2002 WL 517991, 2 (Apr. 8, 2002) (child's medical condition is "not a circumstance which has arisen subsequent to the previous order allocating parental rights and responsibilities, and accordingly does not establish a change in circumstances," although "the parties are unable to agree as to the appropriate way in which to handle this issue").

**{¶29}** Deborah's sole assignment of error is without merit.

**{¶30}** For the foregoing reasons, the denial of Deborah's Motion for the Reallocation of Parental Rights & Responsibilities by the Trumbull County Court of Common Pleas, Division of Domestic Relations, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

7