[Cite as *Lykins v. Lykins*, 2020-Ohio-2769.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


SUSANA E. LYKINS,                        :

    Appellee,                            :          CASE NO. CA2019-07-060

    - vs -                               :          O P I N I O N
                                                   5/4/2020
                                         :

DONALD H. LYKINS,                        :

    Appellant.                           :


APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2015DRA621


Heyman Law, LLC, D. Andrew Heyman, 1212 Sycamore Street, Suite 32, Cincinnati, Ohio 45202, for appellee

Donald H. Lykins, 8415 Reading Road, Reading, Ohio 45215, pro se


**PIPER, J.**

{¶ 1} Donald Lykins ("Father") appeals from the decision of the Clermont County Common Pleas Court, Domestic Relations Division, which denied his motion for shared parenting. For the reasons discussed below, this court affirms the decision.

{¶ 2} Father and Susana Lykins ("Mother") married in 1996. They had two daughters during the marriage. Mother filed for divorce in 2015. As detailed in this court's

opinion published two years ago, the divorce was highly contentious. *Lykins v. Lykins*, 12th Dist. Clermont Nos. CA2017-06-028 and CA2017-06-032, 2018-Ohio-2144. The domestic relations court determined that a shared parenting plan was not in the children's best interest given the extensive conflict between Father and Mother, as well as Father's demeanor throughout the lengthy divorce proceedings. *Id.* at ¶ 5. Accordingly, the domestic relations court designated Mother as the sole residential parent and granted Father limited parenting time. *Id.* at ¶ 4. This court affirmed that decision. *Id.* at ¶ 29.

{¶ 3} In 2019, Father, appearing pro se, moved for shared parenting. He noted that his daughters, then ages 12 and 14, were being "underserved" while under the primary care of Mother. He indicated that the younger daughter was showing "significant" behavioral issues and that both children had low self-esteem. Father criticized Mother's parenting, arguing that she was not sufficiently involved with the children and had not taught them various skills or actively coached them in sports. Father indicated that if the court ordered a shared parenting plan – with Father receiving equal parenting time – then Father could use that time to teach the children skills, coach them and their teams, and tutor them in school subjects. Father basically argued that the children's best interest would be served by granting him additional parenting time.

{¶ 4} The matter proceeded to a hearing where Father appeared pro se. Father called Mother as a witness. The evidence revealed that Mother had arranged counseling sessions for the youngest daughter to address concerns with angry outbursts, self-esteem issues, and social anxiety. Mother did not believe that the issues were that serious, but she wanted advice from a neutral professional. Mother testified that the counselor was the same counselor the youngest daughter had seen during the divorce proceedings. Overall, Mother felt that both daughters were doing well, that nothing significant had changed since the decree was entered and that the children were primarily experiencing some

physiological changes associated with growing up.

{¶ 5} Father testified. Most of his testimony was non-factual. Instead, he presented argument as to why he felt the children would be better served by spending more time with him. Father submitted several emails into evidence that showed he and Mother discussing the younger daughter's counseling sessions as well as emails from Mother notifying Father of her decision to exercise the extended parenting time provided to her by the divorce decree.

{¶ 6} After Father rested his case, Mother moved to dismiss, arguing that Father had failed to meet his burden to present a change of circumstances. The domestic relations court agreed, finding that Father had alleged that his daughters were suffering serious mental health issues but that the only evidence presented was that one daughter was seeing a counselor whom she had seen before and after the decree and that the other daughter was shy. The court found that Father's evidence did not show a change of circumstances of substance that was sufficient to justify any modification to the custody order.

{¶ 7} Father appeals, raising one assignment of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S REQUEST FOR SHARED PARENTING AS IT WAS NOT IN THE BEST INTEREST OF THE CHILDREN TO IGNORE THE SUBSTANTIVE CHANGE IN CIRCUMSTANCES EVIDENCE.

{¶ 10} Father contends that the trial court ignored evidence indicating a significant change of circumstances. He argues that the court ignored evidence of serious issues with his daughters' mental health. He also contends the court ignored evidence of increased collaboration between him and Mother. Finally, he argues the court ignored evidence that

Mother was withholding the children during his parenting time.

{¶ 11} Trial courts have broad discretion in custody proceedings. *Pierson v. Gorrell*, 12th Dist. Butler No. CA2011-11-216, 2012-Ohio-3878, ¶10, citing *Davis v. Flickinger*, 77 Ohio St.3d 415 (1997), paragraph one of the syllabus. "As 'custody issues are some of the most difficult and agonizing decisions a trial judge must make,' the judge must be given 'wide latitude in considering all the evidence' and the decision must not be reversed absent an abuse of discretion." *Id.* quoting *Flickinger* at 418. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} This court presumes that the trial court's findings are correct because the trial court is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). "Therefore, deferential review in a child custody determination is especially crucial 'where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.'" *Pierson* at ¶ 11, quoting *Flickinger* at 419.

{¶ 13} A trial court asked to redesignate parental rights and responsibilities is required to first find that a change in circumstances occurred to warrant a change in custodianship. *Id.* at ¶ 12, citing *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589. R.C. 3109.04(E)(1)(a), provides, in pertinent part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

R.C. 3109.04 does not further define what constitutes a "change * * * in the circumstances* * *." *Lewis v. Lewis*, 12th Dist. Butler No. CA2001-09-209, 2002 Ohio App. LEXIS 1557, *4 (April 8, 2002), citing *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599 (7th Dist.2000). However, Ohio courts have held that the phrase is intended to mean "'an event, occurrence, or situation which has a material and adverse effect upon a child.'" *Id.* quoting *Rohrbaugh* at 604-605. In order to warrant the abrupt disruption of the child's home life, the change in circumstances must be one "of substance, not a slight or inconsequential change." *Flickinger* at 418.

{¶ 14} The evidence presented as to a mental health issue with the older daughter focused on her apparent shyness in public settings. This court does not find the domestic relations court abused its discretion in concluding that Father did not present evidence of a significant change of circumstances concerning the older daughter.

{¶ 15} The record regarding the younger daughter's mental health indicated the she was seeing a counselor for issues seemingly commonplace in adolescents, including some occasional behavior issues, issues with her self-esteem, socializing with peers, and anxiety. Mother testified that these issues were not serious or dangerous, but she nonetheless wanted the advice and assistance of a neutral professional. The evidence presented concerning the younger daughter does not establish any serious mental health issue. Moreover, the evidence presented indicated that the daughter had seen the same counselor before and after the decree, thus the evidence did not indicate a change of circumstances.

{¶ 16} Notably, the record indicates that Mother provided Father with detailed information concerning the younger daughter's counseling. Mother further provided Father with the dates of upcoming counseling sessions and invited him to participate. Yet Mother testified that Father failed to attend any counseling session. It is simply disingenuous for Father to claim that he is concerned that his daughter is suffering serious mental health

issues but is also unwilling to participate in her counseling sessions. The domestic relations court did not abuse its discretion by finding that Father failed to demonstrate a significant change of circumstances based on the younger daughter's mental health.

{¶ 17} Next, Father argues that the court ignored evidence of a change of circumstances in that he claimed there was a substantial improvement in parenting collaboration between him and Mother. The evidence presented on this subject was Father's testimony that collaboration had improved and his reference to supporting exhibits, some of which he failed to introduce into evidence. The limited evidence presented on this issue was not compelling and did not constitute persuasive evidence of a significant change. Without a change of substance there would not be justification for modifying the prior custody order. Moreover, Father's claim that he has sufficiently improved collaboration with Mother is belied by the next issue he raises.

{¶ 18} Father contends that the trial court ignored evidence of a change in circumstance in that he had presented evidence that Mother repeatedly withheld the children from his scheduled parenting time, claiming the children had sporting events. The evidence showed that the younger daughter had her final lacrosse game of the season at 9:00 am on a Saturday morning, which coincided with Father's parenting time. Father informed Mother that he had decided he would not bring the daughter to her sporting event because he intended to spend the weekend with the daughters at his lake home, approximately one- and one-half hours driving distance away. He told Mother, "my parenting time trumps sports so she will not be participating in that game, I will pick them up at 6:00 p.m. [on Friday]." Mother offered that Father could pick up the elder daughter on Friday and that she would drive the younger daughter to Father's lake home after her sporting event. Father responded, "no, I'm picking them up Friday at 6:00 p.m."

{¶ 19} It appears that this kind of inflexible behavior was typical of Father because

the divorce decree contained a provision requiring Father to transport the children to their sporting events that occurred during his parenting time. And the decree provided that if Father did not desire to take them to their sporting events, he was to inform Mother of this decision in advance and he would forfeit his parenting time. His parenting time would then begin one hour after the sporting event ended. Mother informed Father of this provision in the decree and stated that the children would be available to him at 11:00 am on Saturday.

{¶ 20} Instead of acknowledging the decree, Father appeared at Mother's home on Friday at 6:00 p.m. He arrived with multiple police officers. He left without the children. He then did not pick up the children at 11:00 am on Saturday and missed the entire weekend with the children.

{¶ 21} The other alleged incidents of Mother withholding the children from Father's parenting time occurred when Mother exercised her right under the divorce decree to extended parenting time. Thus, Father presented no evidence that Mother withheld the children from him in violation of the decree.

{¶ 22} Upon review of the entire record, this court finds nothing that would establish any abuse of discretion by the domestic relations court. To the contrary, the record fully supports the court's determination that Father failed to submit evidence of a material or adverse change of circumstances that would justify altering the custody arrangement. Most of Father's arguments during the hearing focused on himself and how he could be a superior parent to the children if he were allowed more parenting time.[1] However, this kind of argument is not appropriate in the context of moving to alter an existing order allocating

---

1. Father testified that he was "proactive" whereas Mother was "reactive," that he had many skills that he could teach his daughters, including learning how to serve in volleyball, and that the children's issues with social anxiety would be relieved by spending more time with him because they could observe how he is a "social butterfly." It appears that Father's issues with narcissism have not been resolved since the divorce decree. "Although the record indicates that the children are smart, well-adjusted children, the trial court noted that Father had exhibited narcissistic tendencies given his testimony that he was the only person who could 'fix' the children." *Lykins*, 2018-Ohio-2144 at ¶ 5, fn. 4.

parental rights. "'The clear intent of [R.C. 3109.04] is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children * * *.'" *Flickinger* at 418, quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416 (10th Dist.1982). For the foregoing reasons, this court overrules Father's assignment of error.

{¶ 23} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.