[Cite as *Clyburn v. Gregg*, 2010-Ohio-4508.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Mark P. Clyburn, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 09CA3115 |
| | : | |
| v. | : | |
| | : | **DECISION AND** |
| Heidi Jo Gregg, | : | **JUDGMENT ENTRY** |
| | : | |
| Defendant-Appellant. | : | File-stamped date: 9-21-10 |

---

**APPEARANCES:**

Jennifer L. Ater, Chillicothe, Ohio, for Appellant.

John W. Judkins, Greenfield, Ohio, for Appellee.

---

Kline, J.:

**{¶1}** Heidi Jo Gregg appeals the trial court's orders that (1) designated Mark Clyburn as the residential parent of their minor child, (2) found Gregg in contempt, and (3) failed to find Clyburn in contempt. We, however, find that the trial court's shared parenting order fails to explain whether the trial court terminated the shared parenting decree or merely modified the shared parenting decree. As such, we find that the order is void for vagueness. We have no jurisdiction over appeals from void orders. We also find that neither of the appealed contempt orders is a final appealable order. Accordingly, we dismiss this appeal from the Ross County Common Pleas Court, Juvenile Division, for lack of jurisdiction.

I.

**{¶2}** Gregg and Clyburn had a relationship in 2005. Gregg became pregnant and gave birth to a son (hereinafter "the Child") on October 14, 2005. Clyburn filed a paternity suit on January 11, 2006 and moved for a shared parenting plan. Gregg answered and admitted that Clyburn was the father, but she argued that a shared parenting plan would not be in the Child's best interest. The magistrate judge issued a temporary custody and support order on April 12, 2006.

**{¶3}** Clyburn and Gregg then entered an agreed shared custody order. Both Clyburn and Gregg became dissatisfied with the other's compliance with the shared custody order. Both of them have also filed motions to terminate the shared custody order. After a hearing, the magistrate first ruled that "the previous Shared Parenting Plan * * * is unworkable due to changes in the child's circumstance. The Court further finds that a *modification* of custody is necessary and in the best interest of the child." (Emphasis added.) After Gregg requested findings of fact and conclusions of law, the magistrate concluded that it was "in the best interest of the child that the previous[] Shared Parenting Plan be *vacated*." (Emphasis added.) The common pleas judge incorporated the magistrate's findings of fact and conclusions of law, but specifically supplemented those findings by finding that "any harm that might be caused to the child by changing the living environment is outweighed by the advantages of the change in environment resulting from the change in designation of residential parent."

**{¶4}** Further, the trial court adopted the magistrate's contempt findings. The magistrate had found that Gregg was in contempt but that Clyburn was not in contempt. The same magistrate's order set the matter for Gregg's sentencing before the common

pleas judge on November 6, 2008. The court eventually continued this sentencing hearing until June 18, 2009, the same date Gregg filed her notice of appeal.

{¶5}    Gregg appeals the trial court's orders and assigns the following errors for our review: I. "The trial court erred and abused its discretion to the prejudice of Appellant by approving the magistrate's decision which terminated the parties' Shared Parenting Plan and designated Appellee as the custodial parent of the parties' minor child, as such was an error of law and against the manifest weight of the evidence and an abuse of discretion." II. "The trial court erred and abused its discretion to the prejudice of Appellant by approving the magistrate's decision which failed to award Appellant parenting time with the parties' minor child in excess of the court's standard companionship schedule, as such was against the manifest weight of the evidence and an abuse of discretion." III. "The trial court erred and abused its discretion to the prejudice of Appellant in failing to find Appellee in contempt of court." And, IV. "The trial Court erred and abused its discretion to the prejudice of Appellant in finding Appellant in contempt of court."

II.

{¶6}    Before we consider the merits of the parties' arguments, we must first address a jurisdictional issue. "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." *Caplinger v. Raines*, Ross App. No. 02CA2683, 2003-Ohio-2586, at ¶2, citing Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. "If an order is not final and appealable, then we have no jurisdiction to review the matter." See *Saunders v. Grim*, Vinton App. Nos. 08CA668 & 08CA669, 2009-Ohio-1900, at ¶5. "In the event that this jurisdictional issue

is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." *Caplinger* at ¶2, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, syllabus; *Whitaker-Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186.

**{¶7}** An order is not a final appealable order if that order is "ambiguous, confusing, and not certain in itself." *Brown v. Brown*, 183 Ohio App.3d 384, 2009-Ohio-3589, at ¶21; see, also, *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 216 (judgment must "provide sufficient information to enable the parties to understand the outcome of the case"); *NovaStar Mtge., Inc. v. Akins*, Trumbull App. Nos. 2007-T-0111 & 2007-T-0117, 2008-Ohio-6055, at ¶57. Here, we cannot determine whether the trial court intended to terminate the shared parenting decree or to merely modify the shared parenting decree.

**{¶8}** In order to modify a shared parenting decree, a trial court must first find that "a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies: * * * (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C. 3109.04(E)(1)(a).

**{¶9}** But a trial court may terminate a shared parenting decree "whenever it determines that shared parenting is not in the best interest of the children." R.C. 3109.04(E)(2)(c). There is no need for a trial court to find either that that a change in

circumstances has occurred or that the harm of changing the residential parent is outweighed by the benefit to the child. See, e.g., *In re E.M.W.*, Champaign App. No. 08-CA-25, 2009-Ohio-3016, at ¶24-25; *In re J.L.R.*, Washington App. No. 08CA17, 2009-Ohio-5812, at ¶28; *Francis v. McDermott*, Darke App. No. 1753, 2009-Ohio-4323, at ¶10. But, see, *Sims v. Durant*, Fairfield App. No. 2008-CA-27, 2008-Ohio-6442, at ¶10.

**{¶10}** The magistrate used language indicating that he was vacating a shared parenting plan,[1] but used the standard relevant for modifications of a shared parenting decree. The common pleas court incorporated these conclusions and added an additional conclusion relevant only to modifications of shared parenting decrees. But the common pleas court never addressed the language in the magistrate's findings of fact and conclusions of law that vacated the shared parenting plan.

**{¶11}** It is possible that the court below sua sponte decided to modify the shared parenting decree. It is also possible that the trial court intended to terminate the shared parenting decree entirely. This may seem like a technicality on appeal, but, going forward, the nature of the parties' rights depends greatly on whether the trial court modified or terminated a shared parenting decree. And we are reluctant to construe this

---

[1] We recognize of course that terminating a shared parenting plan is a very different proposition than terminating a shared parenting decree. See *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, at ¶29 ("Within the custody statute, a 'plan' is statutorily different from a 'decree' or an 'order.'"). However, we are uncertain that the trial court intended to vacate the plan but sua sponte modify the decree. The companionship schedule attached to the findings of fact and conclusions of law does not appear to satisfy the requirements of a shared parenting plan. See R.C. 3109.04(G) ("A plan for shared parenting shall include provisions covering all factors that are relevant to the care of the children, including, but not limited to, provisions covering factors such as physical living arrangements, child support obligations, provision for the children's medical and dental care, school placement, and the parent with which the children will be physically located during legal holidays, school holidays, and other days of special importance."). Supposing that a trial court may sua sponte modify a shared parenting decree under R.C. 3109.04, we are uncertain that this is what the trial court intended. No Ohio court we are aware of has considered this issue, but R.C. 3109.04 does not expressly give the trial court the authority to sua sponte modify the decree.

entry as either a modification or a termination when the trial court's judgment entry is not wholly in accord with either action.

**{¶12}** We cannot determine whether the trial court intended to terminate or modify a shared parenting decree based on the judgment before us. Thus, we find it void for vagueness.

**{¶13}** Accordingly, we find that we lack jurisdiction to consider Gregg's first and second assignments of error.

**{¶14}** Gregg also appealed the trial court's findings on the motions for contempt. Contempt may be classified as either civil or criminal depending on the court's underlying rationale and the penalty imposed. *Denovcheck v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 16. Civil contempt orders seek to coerce compliance with the court's orders while criminal orders punish the party who offends the court. Id.; *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253-54. "A finding of civil contempt does not require proof of purposeful, willing, or intentional violation of a trial court's prior order." *Townsend v. Townsend*, Lawrence App. No. 08CA9, 2008-Ohio-6701, at ¶27, citing *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 140. "[U]nlike civil contempt, criminal contempt requires proof of a purposeful, willing, or intentional violation of a trial court's order." *Delawder v. Dodson*, Lawrence App. No. 02CA27, 2003-Ohio-2092, at ¶10, citing *Carroll v. Detty* (1996), 113 Ohio App.3d 708, 711. In addition, the burdens of proof differ for the two types of contempts. For civil contempt, a trial court needs to find that an alleged contemnor has violated a court order by clear and convincing evidence, but the trial court needs to be convinced

beyond a reasonable doubt to convict a contemnor of criminal contempt. *Delawder* at ¶10.

**{¶15}** In civil contempt cases, a judgment against a party is not a final appealable order in itself amenable to an interlocutory appeal. *Doyle v. London Guarantee & Acc. Co.* (1907), 204 U.S. 599, 607-8; *Fox v. Capital Co.* (1936), 299 U.S. 105, 107; *In re Contemnor Caron* (C.P.2000), 110 Ohio Misc.2d 58.

**{¶16}** In her third assignment of error, Gregg contends that the trial court abused its discretion in finding that Clyburn was not in contempt of court. The magistrate concluded that Gregg failed to prove that Clyburn engaged in contemptuous conduct by clear and convincing evidence. Based on this statement, the trial court took Gregg's motion as a motion to find Clyburn in civil, rather than criminal, contempt. We previously found the trial court's resolution of the custody issue is vague and therefore not a final appealable order. There is no final appealable order in the underlying case, and we therefore find that any finding in relation to civil contempt is not itself reviewable. Accordingly, we dismiss Gregg's third assignment of error.

**{¶17}** Finally, in her fourth assignment of error, Gregg contends the trial court abused its discretion in finding her in contempt of court.

**{¶18}** "In order for there to be a final order in contempt of court proceedings, there must be both a finding of contempt and the imposition of a sanction or penalty. The mere adjudication of contempt of court is not a final appealable order until a sanction or penalty is also imposed." *Cooper v. Cooper* (1984), 14 Ohio App.3d 327, at paragraph one of the syllabus.

**{¶19}**    The record does reflect that, on October 29, 2008, the magistrate below found Gregg in contempt of court.  The same order set the matter for sentencing before the common pleas judge on November 6, 2008.  The court eventually continued this hearing until June 18, 2009, the same date Gregg filed her notice of appeal.  It is apparent that there has been no sentence imposed for the contempt.

**{¶20}**    As such, we are without jurisdiction to consider Gregg's fourth assignment of error, and we accordingly dismiss it.  Having found that we lack jurisdiction to consider any of Gregg's assignments of error, we dismiss the present appeal.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED, and the appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, P.J.:  Concurs in Judgment Only.

For the Court

BY:_____
      Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**