OPINION
{¶ 1} Petitioner-appellant Deborah Quint appeals from an order of the Greene County Court of Common Pleas denying her motion for a modification of visitation. Quint contends that the trial court abused its discretion by denying her motion. For the reasons set forth below, we agree. The judgment of the trial court is reversed, and this cause is remanded for further proceedings.
 I {¶ 2} Deborah Quint and David Lomakoski were married in 1995. Their child, Gavin, was born in 1999. The parties were divorced in Michigan in 2001. The divorce decree provided for "joint custody" of Gavin. The parties subsequently moved to Greene County, Ohio, where the decree was registered. In September of 2003, the parties executed a document entitled "Parenting Plan and Parenting Time Schedule for Gavin J. Lomakoski." Therein, the parties agreed that Ms. Quint would be the residential and custodial parent. The agreed plan also provided for visitation with Mr. Lomakoski. Of relevance to this appeal, the plan permitted Gavin to stay with his father overnight every Tuesday.
 {¶ 3} On June 2, 2004, Ms. Quint filed a motion to modify visitation along with a notice of intent to relocate to North Carolina. The move was precipitated by the fact that Ms. Quint's fiancé took a job in Raleigh, North Carolina. Ms. Quint, an anesthesiologist, also found employment in Raleigh. Ms. Quint and her fiancé were married in November, 2004.
 {¶ 4} Mr. Lomakoski opposed the motion to modify visitation. The child was evaluated by a psychologist, who issued a report indicating that the relocation was not in the child's best interest. The child's Guardian Ad Litem issued a report, in which he stated that visitation should not be modified, while nevertheless acknowledging that "there may be significant benefits for Gavin in relocating to North Carolina * * *." The GAL's report also indicated that he would not object to the relocation so long as provision was made giving Mr. Lomakoski ample visitation. A hearing was held on the matter, following which the trial court denied Ms. Quint's motion. The trial court's decision, in pertinent part, states:
 {¶ 5} "The parties entered into a Shared Parenting plan contingent on [Mr. Lomakoski] relocating to the Dayton area during [Ms. Quint's] three year tour [in the Air Force] here. [Mr. Lomakoski] did relocate and settled in the Beavercreek area. The parties then registered their decree in Greene County. [Ms. Quint] has requested [Mr. Lomakoski] relocate a second time to Raleigh.
 {¶ 6} "The Court does not find [Ms. Quint's] motion to be in the child's best interest. The motion is OVERRULED. [Mr. Lomakoski] and the child have made a life in the Greene County area and should not have it disrupted. Gavin is enrolled in the Beavercreek Christian Learning Center and attends church at the Beavercreek Church of the Nazarene. He is also suffering from Tourette's Syndrome. His doctors are located in the area and he has adjusted to his school and the community.
 {¶ 7} "The Court considers Dr. Payne's psychological evaluation report and finds Dr. Payne recommends Gavin remain in Ohio to be with [Ms. Quint] [sic]. Dr. Payne found the move would be detrimental to Gavin and not in his best interest. He wrote in his evaluation the harm Gavin would experience from the move would outweigh any good that may be realized from the move. Since there is no need for further delay this may be a FINAL APPEALABLE ORDER."
 {¶ 8} Ms. Quint appeals from this order.
 {¶ 9} This appeal was originally scheduled for oral argument on August 9, 2005, but counsel for both parties advised this court, shortly before that date, that Mr. Lomakoski is in bankruptcy proceedings, that, out of an abundance of caution, a relief from stay was being sought in the bankruptcy, that it had been expected that the stay would be obtained before August 9th, but that the relief from stay had not as yet been obtained. Counsel requested that the argument be canceled, with the understanding that relief from the stay was imminent.
 {¶ 10} As a result of other proceedings involving the underlying case, this court became aware on August 31, 2005, that relief from the stay had not as yet been obtained, that it would be at least three weeks before relief from the stay was likely to be obtained, and that both parties had agreed to waive oral argument and submit this appeal on the briefs.
 {¶ 11} Because this appeal involves only issues of child visitation, the automatic stay provisions of the Bankruptcy Code,11 U.S.C. 362(a) do not apply. State, ex rel. Miley v. Parrot
(1996), 77 Ohio St. 3d 64. Because of the inherent exigency involved in issues involving child custody and visitation, we have decided that it is inappropriate to wait any further before entering judgment in this appeal.
 II {¶ 12} Ms. Quint raises the following three assignments of error:
 {¶ 13} "THE TRIAL COURT APPLIED THE WRONG STANDARD IN CONSIDERING APPELLANT'S MOTION FOR MODIFICATION OF PARENTING TIME.
 {¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY REFUSING TO MODIFY THE VISITATION SCHEDULE FOR THE NONCUSTODIAL PARENT.
 {¶ 15} "THE TRIAL COURT ERRED BY UNLAWFULLY INTERFERING WITH APPELLANT'S FUNDAMENTAL RIGHTS OF PRIVACY, ASSOCIATION AND FREEDOM OF TRAVEL"
 {¶ 16} In her three assignments of error, Ms. Quint contends that the trial court abused its discretion by denying her motion for a modification of visitation.
 {¶ 17} The modification of visitation rights upon the relocation of the residential parent is governed by R.C.3109.051, which provides in pertinent part:
 {¶ 18} "(G)(1) If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. * * * [T]he court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the parenting time schedule for the child."
 {¶ 19} As conceded by Mr. Lomakoski, Ms. Quint "* * * has a constitutional right to live anywhere in the country that she chooses and to relocate at will." See, Valentyne v. Ceccacci,
Cuyahoga App. No. 83725, 2004-Ohio-4240, ¶ 47 citing Miller v.Miller, Henry App. No. 7-03-09, 2004-Ohio-2358. Mr. Lomakoski also admits that "[t]he filing of the statutorily required notice [of relocation] does not, in and of itself, grant to the court the authority to prevent the party's relocating to another state." Spain v. Spain (June 21, 1995), Logan App. No. 8-94-30;Kassavei v. Hosseinipour (June 2, 2001), Trumbull App. No. 2000-T-0132, citations omitted. Instead, the express language of the statute merely allows the trial court the discretion to hold a hearing to determine whether it is in the best interest of the child to revise the visitation schedule for the child when the residential parent intends to relocate. "Certainly, when a child is relocating outside the residential state of a non-custodial parent, and will reside a considerable distance from that parent, a visitation schedule previously fashioned may no longer be appropriate." Spain v. Spain (June 21, 1995), Logan App. No. 8-94-30. "R.C. 3109.051 explicitly provides the court with the authority to modify the visitation schedule to comport with the increased distance between the parties." Id.
 {¶ 20} In this case, Mr. Lomakoski opposed any modification of visitation. However, he did not seek a modification of custody. Therefore, the only issue pending before the trial court was Ms. Quint's motion to modify visitation due to her relocation. A review of the trial court's decision indicates that the trial court incorrectly made a determination of whether the relocation was in Gavin's best interest rather than properly limiting its determination to whether a modification of visitation, upon relocation, would be in his best interest. The decision also indicates that the trial court was operating under the assumption that the parties were subject to a shared parenting plan, and that the trial court failed to take note that the parties had executed an agreement making Ms. Quint the residential and custodial parent.
 {¶ 21} A trial court has broad discretion with regard to modification of visitation so long as its orders are in the best interests of the child. In re Bailey, Hamilton App. Nos. C-040014 and C-040479, 2005-Ohio-3039. The phrase "abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87. "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning process that would support that decision."AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, citation omitted.
 {¶ 22} Here the trial court improperly determined that the child should not be relocated, when it should have limited its inquiry to whether visitation should be effectuated in a different manner. This, by itself, is an abuse of discretion.
 {¶ 23} We conclude that the trial court abused its discretion when it denied Ms. Quint's motion for modification of visitation, because its decision was based upon its conclusion that the relocation of Ms. Quint and her child was not in the child's best interest, and this issue was not properly before the trial court. Accordingly, Ms. Quint's assignments of error are sustained.
 III {¶ 24} Ms. Quint's assignments of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.
Brogan, P.J., and Donovan, J., concur.