[Cite as *Brown v. Brown*, 2013-Ohio-3456.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| HOLLI BROWN | : | |
| | : | Appellate Case No. 2012-CA-40 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2010-DR-136 |
| v. | : | |
| | : | |
| TROY BROWN | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of August, 2013.

. . . . . . . . . . .

REBEKAH S. NEUHERZ, Atty. Reg. #0072093, Neuherz Law Offices, LLC, 121 South Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellant

RAYMOND A. GROGAN, JR., Atty. Reg. #0084002, 165 West Center Street, Suite 201, Marion, Ohio 43302
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    Holli Brown, the residential parent of the parties' children, appeals the Champaign County Domestic Relations Court's order that if she moves to South Carolina, Troy Brown, the appellee, would be designated the residential parent. Finding no error, we affirm.

## I. The Relocation Restriction

{¶ 2}    The parties, Holli and Troy Brown, are the mother and father of three minor children. When the parties were divorced in 2011, Mother was designated the children's residential parent and Father was given parenting time. In 2012, Mother decided to move from her current home in Champaign County, Ohio, to South Carolina for a job opportunity and to be closer to her parents and sister. So she filed a notice of intent to relocate there with the children. Father objected and filed a motion asking the court to designate him the children's residential parent.

{¶ 3}    In October 2012, after an evidentiary hearing, the trial court issued a written decision and order. The court found that the children's best interest is to remain where they are. Also, in addition to finding that the harm to the children from the move would outweigh the move's benefits to them, the court found that the move is a change in circumstances. The court concluded that these findings satisfy the requirements in the statutory provision that controls modifications to "a prior decree allocating parental rights and responsibilities," R.C. 3109.04(E)(1)(a). The court did not designate Father the residential parent but conditioned his designation on Mother's move. The court ordered that if Mother moves to South Carolina, it would change the children's residential parent to Father, but that if Mother remained in Champaign County, the prior orders would remain in effect.

{¶ 4}    Mother appealed.

## II. Review of the Order

{¶ 5}    Mother assigns three errors to the trial court's order. In the first assignment of error, she alleges that the court erred in finding that the move is a change in circumstances. In the second assignment of error, Mother alleges that the court erred in preventing her from moving

with the children. And in the third assignment of error, she alleges that the court erred in finding that the children's best interest is to remain where they are.

## A. The Change-in-Circumstances Finding

{¶ 6} R.C. 3109.04(E)(1)(a) pertinently provides that, unless the court finds, among other things, that a change in the circumstances has occurred, "[t]he court shall not modify a prior decree allocating parental rights and responsibilities." The trial court found that the move to South Carolina is a change in circumstances; Mother challenges this finding; Father defends it. All assume that R.C. 3109.04(E)(1)(a) applies. We determine that with regard to the specific nature of the court's prospective and conditional court order, the statutory limitation does not apply.

{¶ 7} R.C. 3109.04 governs how a court allocates between the parties the rights and responsibilities for the care of their children. If the court does not order shared parenting, it must "allocate the parental rights and responsibilities" to one parent and "designate that parent as the residential parent and the legal custodian" of the children. R.C. 3109.04(A)(1). "[S]tability in the lives of children" is "a desirable component of their emotional and physical development." *In re Brayden James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 28. So "'to spare children from a constant tug of war,'" the statute contains the provision in R.C. 3109.04(E)(1)(a) that controls changes to the residential parent. *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997) (saying that this is the provision's "'clear intent'"), quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982). The provision "is designed to provide stability in the life of a child," *In re Brayden James* at ¶ 15, by "provid[ing] some stability to the[ir] custodial status," *Davis* at 418, quoting *Wyss* at 416.

**{¶ 8}** "R.C. 3109.04(E)(1)(a) controls when a court modifies an order designating the residential parent and legal custodian." *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 22. The modification provision refers to "a prior decree allocating parental rights and responsibilities," R.C. 3109.04(E)(1)(a). A decree is simply a court's parenting determination. *See* Former R.C. 3109.21(D) (defining "decree" as "a parenting determination contained in a judicial decree or order * * *"). "[T]he residential parent and legal custodian is the person with the primary allocation of parental rights and responsibilities." *Fisher* at ¶ 23. "When a court designates a residential parent and legal custodian, the court is allocating parental rights and responsibilities." *Id.*[1]

---

[1] And vice versa, "[a]n allocation of parental rights and responsibilities is a designation of the residential parent and legal custodian." *Fisher* at ¶ 26.

{¶ 9} The trial court here did not modify the order that designates Mother the children's residential parent–she remains in this role. The court order states, "[I]f Plaintiff/Mother moves to South Carolina, Defendant/Father shall be named the legal custodian and residential parent.* * * If Plaintiff/Mother remains in Champaign County * * * the current parenting status designation and schedule will remain unchanged * * * *" Journal Entry, October 15, 2012 at 5. The order was in the alternative and conditional. [2] Consequently, R.C. 3109.04(E)(1)(a) does not apply, which means that no change-in-circumstances finding was necessary. If mother does elect to move to South Carolina, then a change in circumstances would be confirmed and the order of the court would be supported by a change in circumstances, i.e. an out-of state move that was determined to have a significant detrimental effect on the children's welfare. At present, any error in the court's change-in-circumstances finding is not grounds for reversal.

{¶ 10} The first assignment of error is overruled.

---

[2] One could argue that the trial court's prospective, conditional order is in the nature of an advisory opinion. We have found precedent however for a similar order. In *Caserta v. Caserta*, 5th Dist. Delaware No. 93CAF04015, 1993 WL 544307 (Dec. 13, 1993) the trial court ordered that custody of the parties' minor children would remain with mother, provided that she returned with the children to Ohio from Michigan where she had moved. "If [mother] does not reestablish such a residence by September 1, 1993, then the change in custody to the [father will] be granted." *Id.* Upon review, the court of appeals stated, "Appellant complains only of the prospective nature of the order. We find that the statutory language [concerning custody determinations] does not limit the trial court's discretion to make condition precedent orders which are prospective in nature." *Id.* Moreover, prospective modification of parenting time resulting from a parental move is permitted under R.C.3109.051 (G)(1), which provides: "If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree." Then the court may schedule a hearing " to determine whether it is in the best interest of the child to revise the parenting time schedule." Indeed the statute does not specify that the court may also entertain a change of custody determination, but, as observed in *Caserta*, it doesn't prohibit it either. Finally, given the nature of child custody, it is not unreasonable for a court to choose to inform custodial parents of the potential impact that a long distance out-of-state move will have on their parenting orders so that they may be guided accordingly.

## B. The Relocation Restriction and Best-Interest Finding

{¶ 11} In the pretrial Journal Entry filed May 14, 2012 the trial court imposed a relocation restriction until the hearing on the prospective relocation. The Journal Entry of October 15, 2012 does not specifically state the same restriction, but the import of the order is of the same effect. Mother challenges, in the third assignment of error, the best-interest finding and, in the second assignment of error, the restriction itself.

{¶ 12} The abuse-of-discretion standard of review applies to the best-interest finding and to the imposition of the restriction. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988); *see In re Mullen*, 129 Ohio St.3d 417, 2011-Ohio-3361, 953 N.E.2d 302, ¶ 14 (saying that "[a] trial court has broad discretion in proceedings involving the care and custody of children"). Under the abuse-of-discretion standard in a custody case, "disputes about the facts, the weight accorded the testimony, and the credibility of witnesses are left to the trial court." *Gartin v. Gartin*, 2d Dist. Clark No. 2011-CA-74, 2012-Ohio-2232, ¶ 7, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997). "The question is whether evidence was presented that, if believed, supports the trial court's findings." *Id*., citing *Ross v. Ross*, 64 Ohio St.2d 203, 204, 414 N.E.2d 426 (1980).

{¶ 13} The trial court here found that the children have close bonds with their immediate and extended family. The court acknowledged that Mother has been the children's primary care giver and that they appear to have a very close bond with her. But the court also found that the children have a close bond with Father and enjoy spending time with him. Both parents, said the

court, are active in the children's lives. The court further found that the children have close bonds with both sets of grandparents, who are also very involved in the children's lives. And the court found that both extended families reported good relationships with the children and lots of involvement.

{¶ 14} But the trial court considered two factors to have overriding importance. The first is "how well the children are doing in their current environment." (Journal Entry, 4 (Oct. 15, 2012)). The court found that they are "doing amazingly well in school," are involved in lots of activities, "have lots of friends," and "love their mom and dad and all of their extended family." (*Id.*). A change in environment, found the court, "could negatively impact their lives." (*Id.* at 5). The second factor is that a move of this distance would have a negative impact on their close relationship and bond with Father. The court found that "a move of this distance would severely limit []Father's parenting time with the children." (*Id.*). The court found that "Father is a good father who loves his children, is extremely involved in their lives, and has a bond with them that every father should have." (*Id.*). And "Father's children are the most important thing in his life right now." (*Id.*). "Moving his children eleven (11) hours away," the court found, "would negatively impact his parenting time with his children, even under the best case scenario." (*Id.*). The court also found that, "except for extended sports seasons because of the warm weather," there is not "any additional benefit for the children by moving." (*Id.*). The court concluded by saying, "It is hard to believe they could do any better in school, be involved in any more activities or have any more friends." (*Id.*).

{¶ 15} Based on the above findings, the trial court found that it is in the children's best interest to remain in Champaign County, where they are. The evidence in the record is sufficient

to support this finding, so the finding is not an abuse of the court's discretion.

{¶ 16} Mother further contends that the relocation restriction violates her constitutional right to relocate. A residential parent "'has a constitutional right to live anywhere in the country that she chooses and to relocate at will.'" *Quint v. Lomakoski*, 2d Dist. Greene No. 2005-CA-38, 2005-Ohio-4603, ¶ 19, quoting *Valentyne v. Ceccacci*, 8th Dist. Cuyahoga No. 83725, 2004-Ohio-4240, ¶ 47. And "[a] court-ordered residency restriction unduly burdens a party's constitutional right to travel * * * if it restricts the ability of the party to live where he or she chooses." *Pennington v. Pennington*, 2d Dist. Montgomery No. 19092, 2002 WL 1252173, *4 (June 7, 2002). But "if it is in the child's best interest to remain in a particular location, the residential parent's right to travel is not unduly burdened." (Citation omitted.) *Id*. Given that the trial court here found that it is in the children's best interest to remain in Champaign County, the restriction that the court imposed does not violate Mother's constitutional right to relocate.

{¶ 17} Lastly, Mother contends that the trial court abused its discretion by imposing the restriction. We disagree. Given that the children's best interest is to remain in their current environment and that Mother intends to take them out of that environment, it appears that the trial court had no choice but to order as it did. We cannot say that the court abused its discretion by imposing the restriction. *Compare Kelly v. Kelly*, 1st Dist. Hamilton No. C-930337, 1994 WL 243961, *2 (June 8, 1994) (holding that "because the record contains a substantial amount of competent, credible evidence to support the trial court's decision that it is in the best interests of the children to remain in the current situation, where they have thrived and have a network composed of supportive maternal and paternal family members, the trial court did not abuse its discretion in denying appellant's motion to remove the children from Ohio to Texas").

{¶ 18}   The second and third assignments of error are overruled.

{¶ 19}   The trial court's order is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.


Copies mailed to:

Rebekah S. Neuherz
Raymond A. Grogan, Jr.
Hon. Brett A. Gilbert