[Cite as *In re T.S.*, 2013-Ohio-4246.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

IN THE MATTER OF: T.S., a minor child


Appellate Case No.     2013-CA-21

Trial Court Case No.   2012-JG-34

(Civil Appeal from Common Pleas Court,
Domestic Relations-Juvenile Division)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 27th day of September, 2013.

. . . . . . . . . . .

THOMAS P. LIPTOCK, Atty. Reg. No. 0036928, 2121 Miamisburg-Centerville Road, Centerville, Ohio 45459
        Attorney for Plaintiff-Appellant

DARRELL L. HECKMAN, Atty. Reg. No. 0002389, One Monument Square, Suite 200, Urbana, Ohio 43078
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Appellant, C.R., appeals from a judgment dividing parenting time under a

shared parenting plan. The issue presented in this appeal is whether the trial court abused its discretion in the division of parenting time under a shared parenting plan.

{¶ 2} We find that the trial court did not abuse its discretion. Appellant failed to submit a transcript of the evidentiary hearing relating to the allocation of parental time, and the validity of the lower court proceeding must be presumed. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 3} T.S. was born to Appellant-mother, C.R., and Appellee-father, J.S., on May 10, 2002. By agreement of the parties, C.R. was designated as the legal guardian and residential parent on January 9, 2003. Subsequently, on April 30, 2012, J.S. filed a complaint in the Champaign County Family Court, Juvenile Division, requesting a proposed shared parenting plan, or, in the alternative, sole custody of T.S.

{¶ 4} The record indicates that C.R.'s mother babysat T.S. a great deal of time during C.R.'s parenting time. Her backyard also abutted C.R.'s yard. However, J.S. lived only about a mile away from the two women. J.S. advocated that he should be spending more time with T.S., especially during times that T.S. was being supervised by her grandmother.

{¶ 5} A Guardian ad Litem filed reports on July 2, 2012, and July 3, 2012. In both reports, the Guardian recommended that the parties should attempt to reach an agreement. However, if that did not occur, then the Guardian recommended that C.R. should remain the residential parent, partially due to J.S.'s third shift work schedule.

{¶ 6} The trial court conducted an in camera interview of T.S. on December 3, 2012.

In addition, the parties agreed to a shared parenting agreement. The final evidentiary hearing was then held on February 20, 2013, with allocation of parenting time being the only remaining issue.

**{¶ 7}** At the hearing, both parties testified and presented other witnesses. J.S. requested equal parenting time. At the time of the hearing, J.S. was unemployed, thereby no longer being subject to a third shift work schedule.

**{¶ 8}** On April 2, 2013, the trial court entered its decision. The court found that:

> In the case at hand, the child spends a great deal of time in the care of the maternal grandmother and not the mother. The Court believes when possible, a child should always spend time with a parent opposed to a non parent. The Court believes that it would be in the child's best interests if that the time be spent with the father instead of the grandmother. The father is not working and so his schedule accommodates this. Even when he returns to work, his hours are such that he can still spend more time with the child.

## II. Did the Trial Court Abuse Its Discretion in Changing the Parenting Time?

**{¶ 9}** C.R.'s sole assignment of error is as follows;

> Did the Trial Court abuse its discretion in changing the parenting time?

**{¶ 10}** Under this assignment of error, C.R. contends that the trial court abused its discretion in its allocation of parenting time. In *Bennett v. Bennett*, 2d Dist. Clark No. 2012 CA 36, 2012-Ohio-5788, we explained the standard of review, by stating that:

> A reviewing court may not reverse a custody determination unless the trial

court has abused its discretion. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable.

We defer to the trial court on findings of fact because "[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." (Citations omitted.) *Id*. at ¶ 8-9, quoting *Beismann v. Beismann*, 2d Dist. Montgomery No. 22323, 2008-Ohio-984, ¶ 20.

{¶ 11} In *Brown v. Brown*, 2d Dist. Champaign, No. 2012-CA-40, 2013-Ohio-3456, we further stated that:

The abuse-of-discretion standard of review applies to the best-interest finding and to the imposition of the restriction. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *Id*. at ¶ 12, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).

{¶ 12} In considering C.R.'s arguments, we have gleaned the facts stated herein from the record, without the benefit of a transcript of the final hearing. However, C.R. challenges the trial courts findings, which were based on the evidence presented at the hearing.

{¶ 13} The appellant has the duty to provide a transcript for appellate review, and the party assigning error bears the burden of showing it by reference to matters in the record. " 'When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the

court has no choice but to presume the validity of the lower court's proceedings, and affirm.' " *Hurchanick v. Hurchanik*, 12th Dist. Warren No. CA90-09-066, 1991 WL 164593, \*2-3 (Aug. 26, 1991), quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 14} Although the Guardian ad Litem report stated that J.S. worked third shift, the trial court found that J.S. was unemployed on the date of the hearing. Without the benefit of a transcript, we are unable to determine the factual basis upon which the trial court made its decision. As an additional matter, if J.S. should become re-employed, C.R. will have an opportunity to present any new facts to the trial court in support of any modifications to parenting time needed in the best interests of T.S.

{¶ 15} Accordingly, we find that the trial court did not abuse its discretion in allocating parental time. C.R.'s sole assignment of error is overruled.

### III. Conclusion

{¶ 16} C.R.'s sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Thomas P. Liptock
Darrell L. Heckman
Hon. Brett A. Gilbert